1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | TODD DAVID MARTIN,          | Civil No.   14cv1328-BAS (PCL)
12 |                  Petitioner,|
13 |         v.                  | **ORDER DISMISSING CASE**
14 | UNNAMED,                    | **WITHOUT PREJUDICE**
15 |                  Respondent.|

16

17     Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas
18 Corpus pursuant to 28 U.S.C. § 2254. The Petition is subject to dismissal because Petitioner has
19 failed to satisfy the filing fee requirement, has failed to name a proper Respondent, and has
20 failed to allege exhaustion of state court remedies as to all claims presented. The Court will
21 dismiss the Petition with leave to file a First Amended Petition in which Petitioner attempts to
22 cure these defects of pleading, and will notify Petitioner of his options to avoid a future dismissal
23 of any amended petition which contains unexhausted claims.

24                            **FILING FEE REQUIREMENT**

25     Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or
26 qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. *See*
27 Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit,
28 **no later than August 4, 2014,** the $5.00 fee or adequate proof of his inability to pay the fee.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." *Id.* Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam); *see also Ortiz-Sandoval*, 81 F.3d at 894 (holding that the "failure to name the correct respondent destroys personal jurisdiction.")

## FAILURE TO ALLEGE COMPLETE EXHAUSTION

Finally, the Court notes that Petitioner states that he has presented only one of the four claims raised here to the state supreme court, and has therefore failed to allege exhaustion of his state court remedies as to all claims presented.  (Pet. at 6–9.)  The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1]  *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings.  *See id.*

Generally, applications for writs of habeas corpus that contain unexhausted claims must be dismissed.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).  To avoid a future dismissal of this action if Petitioner satisfies the filing fee requirement and files a First Amended Petition which names a proper Respondent, the Court hereby notifies Petitioner of the following options.

**i) First Option:  Complete Exhaustion**

Petitioner may file a First Amended Petition which presents only claims which are exhausted.

**ii) Second Option:  Voluntarily Dismiss the Petition**

Petitioner may voluntarily dismiss his entire federal habeas action and return to state court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").

---

[1] 28 U.S.C. § 2254 (b)(1)–(2) states:

(b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
   (A) the applicant has exhausted the remedies available in the courts of the State; or
   (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted one(s). *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). Petitioner is cautioned

---

[2] 28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).[3]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. There are two methods potentially available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the

---

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

claim(s) in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim(s). *King*, 564 F.3d at 1141, quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005).

## CONCLUSION AND ORDER

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy filing fee requirement and failed to name a proper Respondent. To have this case reopened, Petitioner must, no later than **August 4, 2014**, pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, **and** file a First Amended Petition that cures the pleading deficiencies set forth above. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED: June 10, 2014**

**Hon. Cynthia Bashant
United States District Judge**

CC: ALL PARTIES